UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KENNETH DUANE GOODWIN,**

      **Plaintiff,**                                   **CIVIL ACTION NO. 10-CV-11909**

      vs.                                        **DISTRICT JUDGE STEPHEN J. MURPHY III**

**TARA HAMILTON, MICHIGAN**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**DEPARTMENT OF CORRECTIONS,**
**PATRICIA CARUSO, PINE REST**
**RESIDENTIAL TREATMENT SERVICES,**
**DOUGLAS CUSHMAN, AND PINE REST**
**CHRISTIAN MENTAL HEALTH SERVICES,**

      **Defendants,**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Preliminary Injunction (docket no. 3) be **DENIED**.

**II.**     **REPORT:**

This matter comes before the Court on Plaintiff's "Motion/Affidavit Request for Preliminary Injunction" filed May 12, 2010. (Docket no. 3). No response has been filed to the motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 19). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**     **Facts and Procedural History**

Plaintiff, a Michigan state prisoner currently incarcerated at Parnall Correctional Facility in Jackson, Michigan, filed this *pro se* action claiming that his civil rights were violated while he was

1

enrolled in a residential drug and alcohol treatment program at Pine Rest Residential Treatment Center in Grand Rapids, Michigan. In 1985 Plaintiff was convicted of criminal sexual conduct, armed robbery, and felony firearm and sentenced to twenty to forty years imprisonment. (Docket no. 1, Ex. 5). He was paroled on March 4, 2008 and given a twenty-four month parole term. (Docket no. 1, Ex. 5). Thereafter, Plaintiff violated parole by testing positive for drugs and alcohol. In lieu of going back to prison, Plaintiff agreed to go to Pine Rest Residential Treatment Center in Grand Rapids, Michigan for residential substance abuse treatment.

Plaintiff states that while he was at Pine Rest Residential Treatment Center he requested but was denied the opportunity to attend church services of his choice, seek employment outside the facility, be permitted an eight hour pass, and be allowed to go to the federal court house to file a lawsuit concerning the treatment he was receiving at the facility. (Docket no. 1 at 8-9). Plaintiff states that he requested documents from his substance abuse counselor related to Pine Rest's policies for the purpose of filing a lawsuit. He claims that within thirty minutes of his request he was arrested, escorted to jail, and charged with a parole violation. (Docket no. 1 at 9). On November 23, 2009 Plaintiff alleges that a preliminary parole violation hearing was held during which his parole agent gave false testimony. (Docket no. 1 at 9). Plaintiff also states that on December 22, 2009 during a parole revocation hearing he was found guilty of the parole violation of failing to complete a treatment program, his parole was revoked, and he was sent back to prison.

In his Complaint, Plaintiff alleges that the Defendants violated his First Amendment rights under the Establishment Clause, to free exercise of religion, to be free from retaliation for exercising his constitutional rights, and to access to the courts; his Eighth Amendment right to be free from cruel and unusual punishment; and his Fourteenth Amendment rights to due process and equal

2

protection. (Docket no. 1 at 3). Plaintiff alleges that his parole was revoked and he was sent back to prison solely for exercising his constitutional rights. (Docket no. 1 at 12).

In the present motion, Plaintiff seeks a preliminary injunction prohibiting "the Michigan Department" from destroying or altering documents or tape recordings of the November 23, 2009 and December 22, 2009 parole revocation hearings. Plaintiff also seeks an order enjoining "Pine Rest Christian Treatment Services" from destroying or altering evidence relevant to this case. Finally, Plaintiff asks that his parole status be immediately reinstated "or that jurisdiction be given to the federal authorities to hold and house Plaintiff until such time as this court would entertain his complaint." (Docket no. 3).

**B.      Governing Law**

Rule 65, Fed.R.Civ.P., authorizes the issuance of preliminary injunctions. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served by issuing the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the court in the exercise of its discretion. *Id*.

"It is well settled that [a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." *RGIS LLC v. A.S.T. Inc.*, No. 07-10975, 2008 WL 878908, at *2 (E.D. Mich. March 28, 2008) (citation omitted). The proof

3

required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000).

**C.	Analysis**

Plaintiff states that he has been unable to secure documents and tape recordings held by the Defendants which will support his claims, and argues that he is entitled to a preliminary injunction prohibiting Defendants from destroying documents or other evidence relevant to this case. The present motion was filed the same day Plaintiff filed his Complaint, before any Defendants were served, and before discovery had begun. Plaintiff has not demonstrated that he served proper discovery requests to Defendants pursuant to the Federal Rules of Civil Procedure. Nor has he demonstrated that the Defendants have destroyed any documents or evidence relating to this case. Even if the Defendants had destroyed evidence in the past, Plaintiff has not demonstrated that there is any threat of future harm. Consequently, Plaintiff has failed to show that he will suffer irreparable harm without the injunction. The Court finds that Plaintiff has not met his burden of showing that he is entitled to a preliminary injunction to prohibit the Defendants from destroying evidence.

Next, Plaintiff asks that he be immediately reinstated back on parole or that jurisdiction be given to the federal authorities to hold and house Plaintiff until such time as this Court will entertain his Complaint. Plaintiff's Motion for Preliminary Injunction is not a proper vehicle for attacking his parole revocation and subsequent incarceration. Plaintiff has not shown that the decision to hold him in custody has been invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Plaintiff's request to have the Court overturn the Parole Board's decision and reinstate him on parole is barred by *Heck v. Humphrey*, 512 U.S. 477

(1994).

Accordingly, this Court recommends that Plaintiff's motion for preliminary injunction be denied.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 29, 2010        s/ Mona K. Majzoub  
                                 MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Kenneth Duane Goodwin and Counsel of record on this date.

Dated: September 29, 2010          s/ Lisa C. Bartlett
                                   Case Manager