UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH GOODWIN, # 149572,

    Plaintiff,

v.

TARA HAMILTON, et al.,

    Defendants.
_____/

Case No. 10-cv-11909

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING IN PART
AND REJECTING IN PART REPORT AND RECOMMENDATION**
(docket no. 29)**, SUSTAINING DEFENDANTS' OBJECTIONS, AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (docket no. 17)

    This is a civil rights action. Plaintiff Kenneth Goodwin, incarcerated at the Parnall Correctional Facility in Jackson, Michigan, contends that his constitutional rights were violated while he was on parole. The matter was referred to a magistrate judge for all pretrial proceedings. Defendants Michigan Department of Corrections, Patricia Caruso, and Tara Hamilton, represented by the Michigan Attorney General, moved for summary judgment on Goodwin's claims. Defendants Pine Rest Residential Treatment Services, Pine Rest Christian Mental Health Services,[1] and Douglas Cushman, represented by private counsel, joined in the motion and filed a separate brief in support. The magistrate judge issued a report recommending that Defendants' motion be granted in part and denied in part, and that Goodwin's claim against Pine Rest and Hamilton under the Establishment Clause be permitted to survive summary judgment. Goodwin and Defendants filed objections. For the following reasons, the Court will adopt the report and recommendation

---

[1] Pine Rest Residential Treatment Services and Pine Rest Christian Mental Health Services will be referred to collectively in this opinion as Pine Rest.

in part and reject it in part, sustain Defendants' objections, and grant summary judgment in Defendants' favor on all of Goodwin's claims.

## STANDARD OF REVIEW

A district court's standard of review for a report and recommendation depends upon whether a party files objections. The Court need not undertake any review at all with respect to portions of a report no party objects to. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate judge's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. *Id.*

## DISCUSSION

I. Goodwin's Objections

The magistrate judge recommends granting summary judgment in Defendants' favor on all of Goodwin's claims except those against Hamilton and Pine Rest for violation of Goodwin's rights under the Establishment Clause. Even assuming Goodwin's objections

were timely, which they were not,[2] the objections are too general to trigger de novo review. The objections are simply a list of sentences in the following form: Plaintiff objects to the report and recommendation that defendant(s) is/are entitled to dismissal of Plaintiff's claim against it/them. *See* Pl.'s Objs. (docket no. 36). This type of objection lacks the specificity that triggers de novo review. Fed. R. Civ. P. 72(b)(2) and (3); *see also* E.D. Mich. LR 72.1(d)(1)(B) (providing that objections must "state the basis for the objection"). Objections that "simply identif[y] the discrete claims for which the magistrate judge's recommendation were adverse to [the objecting party] and then urge[ ] that they instead be resolved in his favor" are insufficient. *Spencer*, 449 F.3d at 725. This is precisely what Goodwin did in his objections. They do not trigger any review. The Court will adopt the report's analysis of these claims as the opinion of the Court without review.

II. Defendants' Objections

The magistrate judge recommended that Goodwin's Establishment Clause claim against Defendants Hamilton and Pine Rest survive summary judgment. Hamilton and Pine Rest object and Goodwin has filed responses to the objections. Because the objections identify the findings believed to be incorrect and provide legal and factual support, the Court reviews the record and the report's analysis of the claim de novo.

---

[2] Objections were due January 27, 2011, fourteen days after the report was issued. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The report was unequivocal about this requirement. Report and Recommendation, 23. By application of the prison mailbox rule, Goodwin's objections were filed January 31 (the day he signed and dated his objections), four days late. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (extending *Houston* to filing of civil complaints); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (applying prison mailbox rule to prisoner's request for extension of time to object to report and recommendation).

A.  <u>Report and Recommendation</u>

Relevant to the remaining claims, the magistrate judge set forth the facts as follows:

> Plaintiff, a Michigan state prisoner currently incarcerated at Parnall Correctional Facility in Jackson, Michigan, filed this pro se action claiming that his civil rights were violated while he was enrolled in a residential drug and alcohol treatment program at Pine Rest Residential Treatment Services in Grand Rapids, Michigan. Defendants are the MDOC, MDOC Director Patricia Caruso, parole agent Tara Hamilton, Pine Rest Residential Treatment Services, Pine Rest Christian Mental Health Services, and Pine Rest drug counselor Douglas Cushman. Plaintiff's Complaint alleges that the Defendants violated his First Amendment rights . . . under the Establishment Clause. (Docket no. 1 at 3).  Plaintiff seeks monetary damages, the appointment of a court monitor to evaluate his mental condition following his return to prison, and injunctive relief in the form of reinstatement of parole. He sues the Defendants in their official and individual capacities.
>
> Plaintiff was convicted in 1985 of criminal sexual conduct ("CSC"), armed robbery, and felony firearm and sentenced to twenty to forty years imprisonment. (Docket no. 1, Ex. 5).  He was conditionally released on parole on March 4, 2008 and given a twenty-four month parole term.  (Docket no. 1, Ex. 5). Thereafter, Plaintiff violated parole by testing positive for drugs and alcohol.  At the suggestion of Defendant Hamilton, his parole officer, Plaintiff agreed to enter Pine Rest Residential Treatment Services ("PRRTS") in Grand Rapids, Michigan for residential substance abuse treatment.  On October 6, 2009 Plaintiff was transported to the PRRTS by MDOC staff where he was approved for a ninety day stay.  It appears from the record that Defendant Pine Rest Christian Mental Health Services ("PRCMHS") facilitates or oversees the operation of the residential treatment program. (Docket no. 24, Ex. 2).  Upon arrival at the treatment facility Plaintiff immediately objected to the program and refused to sign admission forms.  He alleges that he signed the admission papers under duress only after Defendant Hamilton threatened to have him transported back to prison on parole violation for refusing to comply with treatment. (Docket no. 1 at 8; Docket no. 24, Ex. 2).
>
> During the course of Plaintiff's stay at PRRTS he repeatedly complained about program policies which he believed were unfairly administered against him.  Staff at PRRTS regularly conveyed Plaintiff's complaints to his parole officer Defendant Hamilton. (Docket no. 17, Ex. A).  Ultimately, it was determined that Plaintiff was not invested in the substance abuse program. On November 12, 2009, Plaintiff was terminated from the treatment program and was transported back to jail.  Plaintiff was subsequently served parole violation charges for failure to complete residential substance abuse treatment. (Docket no. 1, Exs. 5-7).  Following a preliminary hearing and a parole revocation hearing, Plaintiff was found guilty of the parole violation of failing to complete a

4

substance abuse treatment program and his parole was revoked for twenty-four months.

In the instant Complaint, Plaintiff alleges . . . that he was forced to attend narcotics anonymous ("NA") and alcoholics anonymous ("AA) meetings at the facility.

Report and Recommendation, 2-4.

The magistrate judge read Goodwin's complaint as alleging that Pine Rest and Hamilton violated Goodwin's rights under the Establishment Clause by forcing him to attend NA/AA meetings while at Pine Rest. She also found that Pine Rest and Hamilton had failed to address this claim. In his response briefs, Goodwin expressly raised this claim as well as Defendants' failure to address it in their opening briefs. Pl.'s Resp. to Mot. 4 (docket no. 20); Pl.'s Resp. to Notice of Joinder 2-3 (docket no. 27). Neither Pine Rest nor Hamilton filed reply briefs.

Addressing the merits of the claim, the magistrate judge concluded that Pine Rest had a policy and practice of requiring attendance at NA/AA meetings, and that issues of fact remained as to whether employees at Pine Rest became aware that Goodwin objected to attending them or requested that he be permitted to engage in a non-spiritual alternative. Because Hamilton suggested that Goodwin attend Pine Rest and threatened to seek revocation of his parole should he fail to complete the program (which included mandatory attendance at NA/AA meetings), the magistrate judge found that Hamilton was not entitled to summary judgment on this claim. The magistrate judge also concluded that Hamilton also was not entitled to qualified immunity or quasi-judicial immunity.

5

B. Defendants' Objections

1. Pine Rest

a. Waiver

Pine Rest objects to the recommendation that the Court deny summary judgment on Goodwin's Establishment Clause claim. It first contends that it did not address the claim in its brief in support of summary judgment because it did not read Goodwin's complaint as asserting the claim. Goodwin's complaint contains very little information regarding this claim and it is understandable that Pine Rest would not have realized the claim was included therein. Goodwin attempted to clarify the claim in his response brief to Pine Rest's summary judgment brief. *See* Pl.'s Resp. to Notice of Joinder 3-4 (docket no. 27). Pine Rest could have filed a reply brief addressing the claim but chose not to. Under normal circumstances, this failure might bar Pine Rest from seeking review of the magistrate judge's recommendation regarding that claim. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (stating in dicta that, absent compelling reasons, parties are not permitted to raise before the district court arguments or issues not presented to the magistrate); *see also The Glidden Co. v. Kinsella,* 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (indicating that Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge).

These are not normal circumstances. Pine Rest did not attempt to sandbag Goodwin and the magistrate judge by not challenging the Establishment Clause claim in its brief and saving the challenge for the district judge. Rather, Pine Rest was unaware of the claim when it filed its brief. That was understandable. The only reference in the complaint to NA/AA is that Goodwin was upset that he had to attend. Compl. 8-9.[3] But he never alleged

---

[3] Citations to the complaint refer to the docket numbering.

6

that it was the religious overtones of the meetings that made them intolerable to him. While Goodwin's response brief likely provided sufficient notice of the claim, it was not unreasonable for Pine Rest to conclude that a reply brief was unnecessary given that the claim was so inartfully pleaded in the first place. But even if Pine Rest technically waived its challenge by failing to raise it before the magistrate judge, there is no harm in addressing the challenge now. Doing so will conserve resources by avoiding a second round of motion practice on the claim. Pine Rest filed specific objections with authority, and Goodwin filed a response. The matter is fully briefed and ripe for review.

 b. Merits

 The Pine Rest defendants are not individuals. They are artificial entities that can be liable under § 1983 (assuming there is the requisite state action, which no party here disputes) only if they created a policy or practice pursuant to which Goodwin's constitutional rights were violated. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). The policy must be the "'moving force of the constitutional violation'" in order to hold an artificial entity responsible for the acts of its employees. *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). Section 1983 liability under *Monell*, of course, requires a constitutional violation in the first place. The mere existence of an unconstitutional policy does not give rise to liability in the absence of a constitutional violation undertaken pursuant to the policy. *See id.*

 Courts have held that because of the religious focus of NA/AA programs, forcing prisoners and parolees to attend them as a condition of their confinement or parole violates their rights under the Establishment Clause. *See, e.g.*, *Inouye v. Kemna*, 504 F.3d 705,

7

713 (9th Cir. 2007); *Warner v. Orange County Dep't of Prob.*, 115 F.3d 1068, 1075 (2d Cir. 1997); *Kerr v. Farrey*, 95 F.3d 472, 479-80 (7th Cir. 1996). District courts in this circuit agree. *See Cain v. Caruso*, No. 08-CV-14699, 2009 WL 2475456, *11 (E.D. Mich. Aug. 11, 2009) (adopting R&R); *Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp. 2d 683, 701 (E.D. Mich. 2008). The parties also agree with this general proposition.

For there to be a constitutional violation, however, the plaintiff must object to attending the program on religious grounds and be forced to attend over objection. Otherwise there is no coercion and consequently no constitutional violation. Where there are secular alternatives to NA/AA that the plaintiff may attend, there can be no coercion. In *Inouye*, for example, the plaintiff "had long objected to compelled participation in religion-based drug treatment programs." 504 F.3d at 709. He had sued prison officials in the past regarding his placement in NA/AA while in prison. He also took affirmative steps to avoid religion-based treatment programs on parole. For instance, just prior to his release on parole, he sent a letter to the state parole authority expressing his opposition to being placed in such programs as a condition of his parole, stating that he was Buddhist and enclosing a copy of Seventh Circuit's decision in *Kerr v. Farrey, supra.* He did not object to mandatory participation in substance abuse treatment programs generally, just those with explicit religious content requiring the recitation of prayers. *Id.* at 710. The court concluded that the plaintiff's rights under Establishment Clause had been violated by being forced to chose between returning to prison or attending a drug treatment program that required participation in NA/AA. *Id.* at 714.

Likewise, in *Cain v. Caruso*, the plaintiff was ordered to undergo substance abuse treatment as a condition of his parole. He was sent to the Salvation Army Harbor Light facility, which required attendance at AA meetings as a condition for residency at the

8

facility. At a previous stay at the facility, the plaintiff had made known his firmly-held religious views, and registered objections to the religious nature of the program. 2009 WL 2475456, at *2. When he returned for a second time, he wrote two complaints (one typed and one written) regarding his objections to the nature of the program, and expressly requested to be excused from any religious programs. He also registered his objection in a letter to the newspaper that was later published. *Id.* The magistrate judge concluded, that a jury could find in the plaintiff's favor on his Establishment Clause claim.[4] *Id.* at *12; *see also Warner*, 115 F.2d at 1070 (after defendant began attending AA meetings at the direction of this probation officer, he complained that, as an atheist, he found religious nature of meetings objectionable, but was nevertheless directed to continue attending).

Here, by contrast, there is no evidence that Goodwin was forced against his will to attend NA/AA at Pine Rest. Specifically, there is no evidence that he told Hamilton or the Pine Rest staff that the program conflicted with his religious beliefs. While objections to mandatory participation in religious treatment programs need not be made in a formal manner, as they were in *Inouye* and *Cain*, objections must be specific enough to place the defendants on notice of the religious nature of the objection. While it is true that Goodwin objected generally to enrolling in Pine Rest by indicating on the admission forms that he was signing them "under duress – due to being sent back to prison," there is no evidence that the basis for Goodwin's objection was the religious nature of the substance abuse treatment that he would be required to attend while there. He states in his complaint that he "did not agree to certain stipulations of their program and itinerary," but that statement

---

[4] The magistrate judge's discussion of this issue was dictum since the judge had already concluded that the defendant was not a state actor for purposes of § 1983. *Id.* at *9. The district judge adopted this reasoning in granting the defendant's motion to dismiss. *See id.* at *1. The magistrate judge's reasoning is persuasive nonetheless.

9

is insufficient evidence from which a jury could conclude that Goodwin objections to the program were religious-based.

The affidavits of Douglas Cushman and Dale Raybon, both of whom are familiar with Goodwin's stay at Pine Rest, also demonstrate that Goodwin made no religious-based objections to attending NA/AA. Cushman was Goodwin's social worker at Pine Rest. He states that Goodwin never objected to participating in the NA/AA portions of his treatment and certainly did not voice any concerns regarding the religious components of the treatment sessions. Cushman Supp. Aff. ¶¶ 4,5 (docket no. 30, ex. 1). During intake questioning, Goodwin even informed the Pine Rest staff that he wished to work on his spiritual growth. He further indicated that he had been involved with NA/AA in the past and already had a sponsor.[5] *Id.* ¶ 6. Also, he never asked about secular alternatives to NA/AA even though Pine Rest offers alternatives for patients who object to the religious nature of NA/AA. Rational Recovery is one option. *Id.* ¶ 7. Raybon too was familiar with Goodwin, having interacted many times with him at Pine Rest. His testimony echoes Cushman's.[6] Raybon Aff. ¶¶ 3-7 (docket no. 30, ex. 2).

Defendant Hamilton was Goodwin's parole officer who arranged for his stay at Pine Rest. She too was unaware that Goodwin had any religious-based objections to NA/AA. Hamilton Supp. Aff. ¶ 3 (docket no. 32, ex. 1). She states that Goodwin had previously attended outpatient substance abuse treatment at Catholic Social Services and made no

---

[5] Goodwin even spoke with his sponsor at least once while at Pine Rest. During a conference call with Hamilton and Cushman regarding Goodwin's continued requests to leave Pine Rest, Goodwin became upset and indicated an intent to leave Pine Rest. In an attempt to calm Goodwin, Cushman permitted him to call his sponsor. Cushman Aff. ¶ 12 (docket no. 24, ex. 3). Goodwin does not dispute that he has a sponsor or that he spoke with him while at Pine Rest.

[6] Goodwin does not recall interacting with Raybon while at Pine Rest.

10

religious-based complaints in the past. *Id.* She recalls Goodwin's initial resistance to admission at Pine Rest. According to Hamilton, Goodwin's resistance seemed to be based on the fact that he had to remain in treatment for 90 days as opposed to 30. He did not believe he truly had a substance abuse problem. *Id.* ¶ 5. Not once did he complain to Hamilton about the religious nature of Pine Rest or the NA/AA programs he was to attend while there. *Id.* ¶¶ 4-6.

Goodwin offers no competent evidence to dispute the relevant testimony of Cushman, Raybon, and Hamilton. His response to Pine Rest's objections, in which he states that he objected on many occasions to attending NA/AA, does not create a genuine issue of material fact. For one, Goodwin's statements in his brief are not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). And the statements are not included in an affidavit or declaration, so the Court may disregard them. *See* Fed. R. Civ. P. 56(e)(2). Moreover, Goodwin's statement do not contradict the relevant testimony from Cushman, Raybon, and Hamilton. Goodwin states the following in his response to Pine Rest's objection:

> Defendants contends [sic] that Plaintiff never objected to attending NA/AA during his rteatment [sic]; but Plaintiff made many objections to participating in NA/AA meetings, this was made known by Plaintiff refusing to even go to classes at time during his stay at treatment which was attested to by Plaintiff's parole agent. Plaintiff also informed his case worker (Douglas Cushman) of his objection which he in return conveyed to Plaintiff parole agent. There is no truth that Plaintiff did not make this known.

Pl.'s Resp. 1-2 (docket no. 35).

Goodwin may have raised a triable issue regarding whether he objected generally to attending NA/AA meetings. But that dispute is not enough to raise a triable issue on his Establishment Clause claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the

11

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). There is no evidence that Goodwin objected to attending NA/AA meetings *because of the religious overtones* the sessions subjected him to. Goodwin has never once stated in any document submitted in support of his claim that he objected to the religious nature of the NA/AA meetings and requested to be excused from them. Without evidence of any religious based objection, Goodwin has failed to establish a genuine issue of material fact precluding summary judgment in Pine Rest's favor on the Establishment Clause claim.

In finding a triable issue, the magistrate judge relied on Pine Rest's Client Handbook, which provides that residents must attend all in-house NA/AA meetings and scheduled group activities unless the client is scheduled for an alternative activity. Report and Recommendation, 11-12. The magistrate judge then noted the absence of any indication that Pine Rest staff was made aware of Goodwin's religious-based objection to attending NA/AA. Based on this evidence, she concluded that Pine Rest had an unconstitutional policy or practice of requiring mandatory participation in NA/AA meetings, and that genuine issues of material fact existed as to whether Goodwin's rights were violated as a direct result of this policy.

The magistrate judge did not have the benefit of Cushman's supplemental affidavit and Raybon's affidavit, both of which clarify that Pine Rest offers secular alternatives to NA/AA, and affirmatively state that Goodwin never voiced any religious-based objections to attending the program. By submitting this evidence, Pine Rest has carried its burden to demonstrate the absence of a genuine issue as to any material fact. Goodwin has failed to adequately challenge the evidence. Nor has he stated that he needs discovery to obtain evidentiary support for his claim. Evidence that Goodwin objected to the religious nature

12

of NA/AA would seem to be wholly within his possession, yet he has failed to offer any. There is no evidence upon which a jury could conclude Goodwin objected to attending NA/AA on religious grounds. Consequently, there was no coercion, and thus no constitutional violation. Pine Rest is entitled to judgment as a matter of law on this claim.

    2. Hamilton's Objections

Hamilton also objects to the magistrate judge's recommendation regarding the Establishment Clause claim on the ground that Goodwin failed to demonstrate a genuine issue of fact regarding his objection to the NA/AA meetings. For the same reasons the Court sustains Pine Rest's objection, the Court will sustain Hamilton's objection. There is insufficient evidence from which a jury could find that Goodwin objected to the religious nature of NA/AA and was forced to attend over his objection. And because a jury could not find that a constitutional violation occurred, there is no need to determine whether Hamilton is entitled to summary judgment on her defense of qualified immunity.

Goodwin has failed to carry his burden on summary judgment. He has failed to put forth evidence from which a jury could find that he objected to the religious nature of NA/AA, asked to be excused from mandatory attendance, and was refused a secular alternative. The failure is fatal to his claim. Defendants are entitled to summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the report and recommendation (docket no. 22) is **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS FURTHER ORDERED** that Defendants' objections to the report and recommendation (docket nos. 30 & 32) are **SUSTAINED.**

**IT IS FURTHER ORDERED** that Defendants MDOC, Caruso, and Hamilton's motion for summary judgment (docket no. 17) and Defendants Pine Rest and Cushman's

concurrence therein (docket no. 24) are **GRANTED.**  Judgment will be granted in Defendants' favor.

**SO ORDERED.**

           s/Stephen J. Murphy, III
           STEPHEN J. MURPHY, III
           United States District Judge

Dated: March 14, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2011, by electronic and/or ordinary mail.

           s/Carol Cohron
           Case Manager